UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OBELISK CAPITAL MANAGEMENT LIMITED (in Official Liquidation) a Cayman Islands Registered Company,<br><br>Plaintiff,<br><br>v.<br><br>PRECISE GLOBAL TRADE, LLC, a Nevada Company<br><br>Defendant. | Case No. 2:21-cv-01099<br><br>**ORDER** |

Upon the motion of Obelisk Capital Management Limited (in Official Liquidation) ("Plaintiff") and the supplemental briefing thereto (ECF No. 24) for entry of an order pursuant to Federal Rule of Civil Procedure 55(b) for entry of a final judgment of default against Precise Global Trade, LLC, a Nevada Company ("Defendant") and the Court having found that it has personal jurisdiction over the Defendants and the subject matter of this action; venue being proper in the District of Nevada; and there being due, sufficient and proper notice of the Motion having been provided under the circumstances and the Defendant having failed to respond to the Complaint (ECF No. 1) or appear in opposition to the Motion before the expiration of the extended deadline set by the Court (ECF No. 13); and it appearing that no other or further notice need be provided; and by virtue of its default, and the failures of the Defendant to respond to the Complaint (ECF No. 1), the Defendant is deemed to have admitted the allegations of the Complaint, and liability is established against it.

Pursuant to the Court's Minute Order, issued on April 5, 2023, Plaintiff provided Supplemental Briefing. The Court finds it has personal jurisdiction over Defendant. Based on a

review of the record, the Court finds that Defendant was organized under the laws of Nevada at the time that the contract was entered into in 2019 and remains formed in the state even though its entity status has since been revoked. Defendant is a Limited Liability Company ("LLC") that was organized under the laws of Nevada in 2016 and has never filed a certificate of closure or dissolution or an application that it was operating as a foreign corporation in Nevada. The "Termination" date listed on the Secretary of State's website is "perpetual." The governing contract, which Defendant signed in 2019, lists Defendant's LLC as "a company incorporated in Nevada." Plaintiff's performance under the contract also occurred in 2019. Accordingly, the Court also finds that the District of Nevada is an appropriate forum for this case.

Based on the contract's choice-of-law provision, Section 11.1, the Court finds Cayman law to govern interpretation of the contract. See Ferdie Sievers & Lake Tahoe Land Co. v. Diversified Mortgage Investors, 95 Nev. 811, 815 (1979) (Nevada law honors the expressed intention of the parties as to the applicable law in the construction of a contract if the parties "acted in good faith and not to evade the law of the real situs of the contract."). The Court finds that Plaintiff is entitled to the damages ordered herein pursuant to those laws and the language of the subject contract. Under Cayman law, compensatory damages, prejudgment and post-judgment interest are all available. In diversity actions, the law of the contract determines the rate of prejudgment interest, and post- judgment interest is governed by federal law. Am. Tel. & Tel. Co. v. United Computer Sys., Inc., 98 F.3d 1206, 1209 (9th Cir. 1996).

Under Cayman law, the Court may "in the exercise of its discretion ... order the payment of simple interest upon any debt or damages at a rate not exceeding the rate applicable to the relevant currency prescribed in the Schedule hereto." Judgment Debts (Rates of Interest) Rules (2021 Revision). For damages in U.S. dollars, the pre-judgment interest rate is two and three-eighths percent. See id. at Schedule 12. Since the rules are silent on when that interest begins to accrue, the Court will follow Nevada law wherein the interest accrues -- "from the time of service of the summons and complaint." NRS § 17.130. The summons was returned executed on June 14, 2021 and therefore prejudgment interest will accrue from this date. The Court having found and determined that the relief requested in the Motion and Supplemental Briefing thereto is just and

proper; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. Plaintiff's Motions pursuant to Federal Rule of Civil Procedure 55(b) (ECF Nos. 12, 15) for entry of a final judgment of default against Defendant are GRANTED.

2. The Court awards judgment against Defendant for Plaintiff:

   a. In the amount of $185,000.00;

   b. Prejudgment interest accruing from the time of service of the summons and complaint, **June 14, 2021**, through the date of this order and judgment, **January 22, 2024.**

   c. Post-judgment interest at the statutory rate under 28 U.S.C. § 1961.

   d. Costs to be determined by a Bill of Costs.

3. Plaintiff shall have until **February 21, 2024** to provide the Court with a prejudgment interest calculation consistent with this Order.

**DATED:** January 22, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 3 -